## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | |
| FAULKNER, VALERIE ) | Case Number 07-81412 |
| ) | (Chapter 13) |
| Debtor. ) | |
| VALERIE FAULKNER, ) | |
| Plaintiff, ) | |
| ) | Adversary Case Number 12- 08069 |
| vs. ) | |
| ) | |
| CEFCU, ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW

NOW COMES, the Debtor, VALERIE FAULKNER, by her attorney, Spencer Lee Daniels, and for her Memorandum of Law states as follows:

### ISSUE

The issue involved in regard to this matter is whether or not the Creditor, CEFCU, can decline to release a lien on a vehicle in which the Chapter 13 Plan specified that a certain portion of the debt was secured and the other portion was unsecured when there was a co-debtor that did not file bankruptcy and was on the title of said vehicle in question.

### FACTS

The facts in this case are undisputed. The Debtor, Valerie Faulkner, filed bankruptcy on July 3, 2007. The Chapter 13 Plan submitted to the Court, which was confirmed by the Court, indicated that the Debtor was to pay a secured portion of the debt through the Plan and that the remaining balance would be unsecured. CEFCU filed a Proof of Claim and did not dispute the secured or unsecured portion.

## ARGUMENT

The Debtor relies upon Title 11 U.S.C. 506(a) and 11 U.S.C. 502. Under 11 U.S.C. 506(a), the Court is allowed to determine the secured portion of a vehicle and to determine as to what the unsecured portion is valued. *In re: Heritage Highgate, Inc,* 679 F.3d 132 (CA 3rd Cir. 2012). Under the Chapter 13 Plan proposed in this case, the secured portion was to be paid by the Chapter 13 Trustee through the Chapter 13 Plan. The unsecured portion of the claim was not to be paid due to the fact that this was a 0% Plan. CEFCU failed to object to the Plan and therefore; specifically allowed the Court to determine the secured portion of the vehicle. On October 18, 2012, subsequent to discharge the Creditor refused to release the title to the 2002 Chevrolet Trailblazer.

Even though there are cases that indicate a creditor does not have to release a title to a vehicle if there is a co-debtor on said title, the case law seems to indicate that if the Plan specifies, and is clear in nature, that a portion of the debt is unsecured that the creditor must release the title at discharge. *In re: Brooks,* 340 B.R. 648 (Bkrtcy D. Me, 2006). This Court must determine the clear nature of what the Plan indicated and whether or not the creditor is bound by said Plan. Pursuant to Paragraph 7 of the Chapter 13 Plan in this cause, specified that secured creditors shall retain their liens upon their collateral until they have been paid the value of said property. Clearly under the terms of said Chapter 13 Plan, that if the secured creditor is paid the value of the property which was specified in another provision of the Chapter 13 Plan, that the creditor has to release its title. CEFCU was to be paid $11,375.00 at nine percent (9%) interest. It is clear from the nature of the Chapter 13 Plan and the clear language of said Chapter 13 Plan, that

even though the co-debtor was on the title to the property that this would force the creditor at discharge to release its lien.

## CONCLUSION

WHEREFORE, the Debtor requests this Court to order CEFCU to release its lien on the property and to submit a release of lien to the Debtor. It is up to the Debtor's discretion as to whether or not the co-debtor has any interest in said property after CEFCU releases it lien.

Respectfully submitted,

By: */s/ Spencer Lee Daniels*
Attorney for Valerie Faulkner

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above document was mailed to the following by first-class mail, postage pre-paid, on the 27th day of March, 2013:

CEFCU, Post Office Box 1715, Peoria, Illinois 61656

The undersigned hereby certifies that a copy of the above document was sent via Electronic Mail to the following on the 27th day of March, 2013:

United States Trustee, 401 Main Street, Suite 1100, Peoria, Illinois 61602

Michael Clark, Trustee, 401 Main Street, Suite 940, Peoria, Illinois 61602

CEFCU c/o Amira L. Vicari, Esq., Vonachen, Lawless, Trager & Slevin, 456 Fulton Street, Suite 425, Peoria, Illinois 61602

*/s/ Susan K. Benedict*
Susan K. Benedict, Legal Assistant

SPENCER LEE DANIELS, ESQ.
Attorney at Law
411 Hamilton Boulevard, Suite 1304
Peoria, Illinois 61602
Telephone: (309) 673-1400