IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FAULKNER, VALERIE | ) | Case No. 07-81412 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| ——————————————— | ) | |
| | ) | |
| VALERIE FAULKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 12-08069 |
| | ) | |
| CITIZENS EQUITY FIRST CREDIT UNION a/k/a CEFCU, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |

DEFENDANT'S BRIEF

NOW COMES Defendant, CITIZENS EQUITY FIRST CREDIT UNION a/k/a CEFCU, by Amira L. Vicari, for VONACHEN, LAWLESS, TRAGER & SLEVIN, its attorneys, and for its Brief/Memorandum of Law, respectfully states as follows:

JURISDICTION

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(A) and (O).

STATEMENT OF FACTS

On September 30, 2004, Debtor, Valerie Faulkner and Co-Signer executed and delivered a Retail Installment Contract to Sam Leman Chrysler Dodge in Morton, Illinois, which was subsequently assigned to the Credit Union. The Plaintiff and Co-Signer promised to pay the

1

principal sum of $24,478.52 in sixty (60) monthly installments of $529.12 each, together with interest at the rate of 10.6% per annum, starting November 14, 2004, and payable thereafter until the entire principal balance and accrued interest was paid in full.

As security for the balance due under the Retail Installment Contract, the Debtor and Co-Signer pledged a 2002 Chevrolet Trailblazer, and the security interest therein was properly perfected by the Credit Union as a result of having its lien noted on the Certificate of Title.

On July 3, 2007, Plaintiff filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. The Plaintiff's Chapter 13 Plan paid the Credit Union, $11,375.00 at nine percent (9%) interest for a 2002 Chevrolet Trailblazer. Although the Plaintiff received a discharge of her debts under 11 U.S.C. 1328(a) on October 18, 2012, an unsecured balance of $7,302.66 remains on the loan secured by the 2002 Chevrolet Trailblazer. On November 6, 2012, Debtor filed a Complaint against CEFCU for violation of the discharge provisions.

## ISSUE

The sole issue in this case is whether CEFCU is required to release its lien and surrender the title to the 2002 Chevrolet Trailblazer when a deficiency balance remains after discharge of the co-signed debt. CEFCU respectfully submits that it is not required to release its lien and surrender title to the vehicle until the deficiency balance is paid by the co-signer.

## ARGUMENT

Discharge of debt pursuant to 11 U.S.C. § 1328 triggers the operation of 11 U.S.C § 524, which protects the debtor from any personal liability of a debt. Section 524 provides, in material part, as follows:

(a) A discharge in a case under this title --

>  (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt

2

> discharged under section 727 . . . of this title, whether or not discharged of such debt is waived; [and] (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as personal liability of the debtor,. . . 11 U.S.C. 524(a).

Section 524 was designed to "ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it." (*Stoneking v. Histed* (*In re Stoneking*, 222 B.R. 650, 652 (Bankr. M.D. Fla. 1998) (quoting H.R. REP., No. 595, 95th Cong., 1st 364 (1977)). But the relief granted to the debtor does not extend to co-debtors, guarantors or sureties, who are not affected by discharge and therefore, still liable for the debt.

The Central District of Illinois has not directly addressed the issue of whether a creditor is obligated to release its lien and surrender title where a deficiency balance remains on a co-signed debt. However, some jurisdictions have and the rulings of those cases should be applied here. In *In re Leonard,* 307 B.R. 611 (Bankr. E.D. Tenn. 2004), the debtors sought an order from the court directing the creditor, GMAC to release its lien after the debtors received a discharge of their debts. The entire secured portion of the creditor's claim was paid in full through the Chapter 13 Plan, but a portion of the unsecured component of the claim, which was a deficiency balance, remained after discharge. The issue was whether GMAC was obligated to release its lien against a co-owned vehicle until the unsecured debt was paid in full. The court stated that because there was a co-owner of the vehicle, as evidenced by the Certificate of Title, GMAC still retained a lien on the vehicle because it was not paid in full. *Leonard*, 307 *B.R.* at 614. The court concluded that although the debtor received a discharge, the co-signer did not and he is liable for the deficiency balance because the vehicle is co-owned and secured by a co-signed debt. *Id.*

3

The *Leonard* case should be applied to cases where, as here, a deficiency balance remains on a jointly owned vehicle which is secured by a co-signed debt. A similar result was obtained the case of *In re Brooks*, 340 B.R. 648 (Bankr. Maine 2006). In that case, the debtor argued that the creditors refusal to release its lien after the entry of a sale order constitutes a violation of the automatic stay provisions of 11 U.S.C. § 362, while the creditor argued that it is entitled to retain its lien until the debtor's contractual obligation to it discharged in full. *Brooks*, 340 B.R. at 654. The bankruptcy court followed the reasoning in *Leonard* and held that the creditor cannot collect from the debtor during the pendency of the bankruptcy, but until the vehicle is paid in full, it has no obligation to release its lien. The court stated its agreement with the reasoning in *Leonard* and concluded that "so long as there remains the possibility of personal liability on behalf of the record owner of the vehicle, GMAC is within its rights of retaining its lien." *Id.* at 654.

Like *Leonard* and *Brooks*, the Bankruptcy Court for the Middle District of Georgia, Albany Division in *In re Jackson*, 2012 Bank. LEXIS 5896, held that a lien on a jointly owned vehicle would remain in place against the co-debtor until the creditor received full payment. In that case the Court held that a lien release provision in the Debtor's Chapter 13 Plan applied only to liens against the Debtor's interest in the vehicle. *Jackson*, B.R. LEXIS at 10. The Court concluded that because that the debtor and co-debtor each hold a one-half interest in the vehicle, a lien release provision will render the lien unenforceable as to the Debtor's interest *only*, but the lien will remain in place against the co-debtor's interest. *Id.* at 10.

It is clear that Section 524 protects the Debtor after discharge and she is no longer liable for any deficiency balance owed to CEFCU. CEFCU did not violate the provisions of Section 524 because it never attempted to collect the deficiency balance from Debtor after discharge. However, nothing in Section 524 prevents CEFCU from asserting its rights against the Co-

4

Debtor, who is primarily liable under the Retail Installment Contract. The Co-Debtor's contractual obligation as a joint owner of the vehicle along with her personal liability secured by the lien entitles CEFCU to retain its lien. The lien release provision in the Debtor's Chapter 13 applies to the Debtor's interest in the vehicle only. Therefore, until the deficiency balance is paid in full, CEFCU is not obligated to release its lien and surrender the title to the 2002 Chevrolet Trailblazer.

## CONCLUSION

Based on the foregoing case law and analysis, this Court should dismiss the Complaint against CEFCU and hold that CEFCU is not obligated entitled to release its lien and surrender the title to the 2002 Chevrolet Trailblazer until the deficiency balance is paid in full.

Respectfully submitted,

Citizens Equity First Credit Union aka CEFCU,
Defendant

By: /s/ Amira L. Vicari
    For Vonachen, Lawless, Trager & Slevin
    Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following by placing the same in an envelope addressed as follows:

Valerie Faulkner
727 E. Kansas
Peoria, IL 61603

and by depositing said envelope, with first class postage fully prepaid, in the United States mail, in Peoria, Illinois on the 27th day of March, 2013, and the following were served by Notice of

Electronic Filing generated by the Electronic Filing System of the United States Bankruptcy Court for the Central District of Illinois:

        Mr. Spencer Lee Daniels

        Mr. Michael Clark
        Chapter 13 Trustee

        United States Trustee

        /s/ Amira L. Vicari

Amira L. Vicari
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, Illinois 61602
Telephone: (309) 676-8986
Facsimile:  (309) 676-4130